# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MALCOLM DEMON TYLER,**
    **Petitioner-Defendant,**

v.                                          **Civil Action No. 5:14-cv-115**
                                                **Criminal Action No. 5:13-cr-9-2**
                                                **(Judge Stamp)**

**UNITED STATES OF AMERICA,**
    **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

### I.    INTRODUCTION

On September 2, 2014, Malcolm Demon Tyler ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:14-cv-115, Docket No. 1; Criminal Action No. 5:13-cr-9-2, Docket No. 171). Petitioner filed the Court-approved form for such motions on September 17, 2014. (Docket No. 175.)[1] On September 22, 2014, the undersigned entered an Order directing the Government to respond to Petitioner's motion. (Docket No. 176.) The Government filed its response on October 20, 2014. (Docket No. 181.) Petitioner filed a reply on November 7, 2014. (Docket No. 184.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 5:13-cr-9-2.

## II.   FACTS

*A.   Conviction and Sentence*

On April 2, 2013, the Grand Jury returned an Indictment against Petitioner and his three (3) co-defendants, charging them with various drug-related offenses. (Docket No. 1.) On November 20, 2013, Petitioner signed a binding plea agreement in which he agreed to plead guilty to Count One, charging him with conspiracy to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. § 846 and 841(b)(1)(C). (Docket No. 125.) In the plea agreement, the parties agreed that eighty-four (84) months' imprisonment would be appropriate. (Id. at 2.) Petitioner understood that if the Court did not accept the binding sentence, Petitioner would have the right to withdraw his plea of guilty. (Id.) On December 2, 2013, Petitioner appeared before United States District Judge Frederick P. Stamp, Jr. to enter his plea of guilty in open court, and Judge Stamp accepted his plea at that time. (Docket No. 124.)

On February 5, 2014, the parties appeared before Judge Stamp for a status conference regarding the binding nature of Petitioner's plea. At that time, Judge Stamp rejected the binding sentence of 84 months' imprisonment. He then informed Petitioner of his right to withdraw his plea, and Petitioner advised the Court that he was withdrawing his plea at that time. (Docket No. 131.)

On February 23, 2014, Petitioner signed another plea agreement in which he agreed to plead guilty to Count One of the Indictment. (Docket No. 137.) Paragraph Eight of that agreement stated in pertinent part:

> [T]he United States understands that defendant intends to file a motion for a variance from the advisory guideline range which, based upon the initial presentence report, is 151 months (due to a finding that defendant is a career offender under the guidelines). The United States agrees that a variance of 3 levels is appropriate after application of the factors set forth in Title 18 U.S.C. Section 3553(a) (resulting in a

total offense level of 26). The United States recommends a sentence of 120 months.

(Id. at 3.) The agreement also contained the following paragraph regarding Petitioner's waiver of appellate and collateral attack rights:

> Mr. Tyler is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, defendant agrees and understands that he will waive his right to appeal and collaterally attack his conviction and sentence, including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court sentences him pursuant to a term of imprisonment of 120 months or less. The United States, likewise, waives its right to appeal any sentence of 120 months or more. Both parties have the right during any appeal to argue in support of the sentence.

(Id. at 4.) Petitioner appeared before Judge Stamp on February 27, 2014 to enter his plea of guilty in open court. During the plea hearing, the following colloquy occurred:

> THE COURT: And do you understand also that under paragraph ten at page 4 of the plea agreement that you've–have agreed–you've entered into what is now, at least, a limited or conditional waiver of appellate rights, meaning that if the Court sentences you pursuant to a term of imprisonment of 120 months or less, you waive the right to appeal the sentence for any of the reasons under the sentencing statute, also waive the right to seek any postconviction relief, including that under the so-called habeas corpus statute, subject to certain exceptions, such as ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. And do you understand that waiver?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And Mr. Brown, do you believe, based on your conferences and interviews with Mr. Tyler and your experience as a lawyer in this court and other courts, that he fully understands those two waivers?
>
> MR. BROWN: I do, Your Honor.
>
> . . .
>
> THE COURT: And do you understand also, again, that under paragraph ten at page 4 of the plea agreement that you've entered into that limited waiver of appellate or postconviction relief rights, subject to the exceptions I went over with you a few moments ago? Do you understand that?

THE DEFENDANT: Yes, sir.

(Docket No. 178 at 10:9-11:2, 14:13-18.)

On April 3, 2014, Petitioner appeared before Judge Stamp for sentencing. At that time, Judge Stamp noted that there "was no objection to his being classified as a career offender." (Docket No. 179 at 5:9-10.) With a criminal history category of VI, Petitioner's Guidelines range called for 151 to 188 months of incarceration. (Id. at 6:21-23.) However, Judge Stamp granted a three-level variance and imposed a sentence of 120 months, to be served consecutively to Petitioner's sentence in the State of Michigan for Case No. 01-3512-01, and to be followed by three (3) years of supervised release. (Id. at 12:12-13-21; Docket No. 144.)

**B.  Direct Appeal**

Petitioner did not file a direct appeal.

**C.  Federal Habeas Corpus**

**1.  Petitioner's Motion**

In his motion, Petitioner asserts that counsel was ineffective for failing to "make an objection to the career offender provision because [his] prior state drug conviction resulted only in a paid fine." (Docket No. 175 at 5.) According to Petitioner, because he paid a fine, that conviction should not have counted for purposes of his criminal history and predicate offenses for career offender designation. (Id.)

**2.  Government's Response**

In its response, the Government asserts:

1. Petitioner waived his right to file a § 2255 motion as part of his plea agreement; and

4

2. Petitioner has not demonstrated that counsel was ineffective.

(Docket No. 181 at 6-11.)

3. **Petitioner's Reply**

In his reply, Petitioner reiterates the arguments made in his motion. (Docket No. 184.)

### III. ANALYSIS

*A. Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were

5

so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

As noted above, Petitioner's plea agreement contained a waiver of his appellate and collateral attack rights. (Docket No. 137 at 4.) The Government asserts that such waiver bars Petitioner's instant motion. (Docket No. 181 at 6-8.) However, as to ineffective assistance of counsel claims raised regarding an attorney's action, or lack thereof, after entry of the plea agreement, the Fourth

6

Circuit has stated that the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea–including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas–were conducted in violation of their Sixth Amendment right to counsel" is not waived by a general waiver of appellate rights contained in the plea agreement. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994). Therefore, "upon first blush it appears that [such] claims arising after the guilty plea and/or during sentencing are not barred by a general waiver of appeal rights." Oden v. United States, Civil No. 3:13-cv-93, Criminal No. 3:11-cr-56, 2014 WL 2462993, at *8 (N.D. W. Va. June 2, 2014.) Here, because Petitioner is challenging counsel's actions regarding sentencing, his claim is not barred by his waiver.

B.     *Petitioner's Claim of Ineffective Assistance Regarding Sentencing*

As noted above, as his only claim for relief, Petitioner asserts that counsel was ineffective for failing to "make an objection to the career offender provision because [his] prior state drug conviction resulted only in a paid fine." (Docket No. 175 at 5.) Specifically, he alleges that his prior state controlled substance conviction should not have been used to qualify him as a career offender because he "received an option to serve 90 days in jail or to pay a fine of twelve hundred dollars." (Docket No. 171 at 9.) According to Petitioner, his payment of the fine "excludes this prior conviction from being classified as a prior sentence." (Id.) Petitioner argues that had counsel successfully objected to this, he "would be in category III with six criminal history points." (Id.)

Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

7

U.S.S.G. § 4B1.1(a). A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Furthermore, "prior felony conviction"

> means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, **regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.**

U.S.S.G. § 4B1.2 cmt. 1 (emphasis added).

On or about January 9, 2010, Petitioner was charged with the delivery/manufacture of marijuana, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). Petitioner pleaded guilty on February 26, 2010, and was sentenced to thirty (30) days in jail and $1,072.00 in costs on March 26, 2010. (Docket No. 145 at 12.) As to the application of career offender status, the Probation Officer who prepared Petitioner's Presentence Report stated:

> As shown in Part B (Criminal History) below, the defendant has been convicted of Attempted Home Invasion–First Degree and Controlled Substance–Delivery/Manufacture Marijuana, both in Third Circuit Court in Detroit, Michigan. Since the instant offense involves a controlled substance offense and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines. The offense level determined under U.S.S.G. § 4B1.1 is 32 rather than the lower level calculated above.

(Id. at 7.)

The Fourth Circuit has noted that the actual sentence that the defendant received is irrelevant; rather, the inquiry must focus on the maximum possible sentence that the defendant could have received. See United States v. Kerr, 737 F.3d 33, 39 (4th Cir. 2013). For a violation of Mich.

8

Comp. Laws § 333.7401(2)(d)(iii), Petitioner faced a maximum of "imprisonment for not more than 4 years or a fine of not more than $20,000, or both." Accordingly, it is clear that Petitioner pleaded guilty to a felony controlled substance charge that exposed him to the possibility of imprisonment exceeding one (1) year. The Sixth Circuit recently noted that a conviction under Mich. Comp. Laws § 333.7401(2)(d)(iii), such as Petitioner's, falls within the meaning of U.S.S.G. § 4B1.2. United States v. Solomon, No. 13-2258, __ F. App'x __, 2014 WL 5904933, at *2 (6th Cir. Nov. 14, 2014) (noting that a conviction under the same provision qualified under § 4B1.2 when statutory maximum was cut in half, to two years, for attempt charge). Given this, the undersigned cannot find that counsel was deficient in failing to object to use of Petitioner's prior controlled substance offense to classify him as a career offender for purposes of sentencing. See Strickland, 466 U.S. at 687. Accordingly, Petitioner's claim is without merit, and he is not entitled to the relief he seeks.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:14-cv-115, Docket No. 1; Criminal Action No. 5:13-cr-9-2, Docket No. 171) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy of this Report and Recommendation by certified mail, return receipt requested, to the *pro se* Petitioner Malcolm Demon Tyler.

DATED: December 1, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE