IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MALCOLM DEMON TYLER,

    Petitioner,

v.                                Civil Action No. 5:14CV115
                                  (Criminal Action No. 5:13CR9-02)
UNITED STATES OF AMERICA,                (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

I.  Procedural History

On September 2, 2014, the pro se[1] petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255. The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The magistrate judge then ordered the government to respond to the petition. The government then filed a response to the petition to which the petitioner replied. The magistrate judge then issued a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice. The petitioner has now filed objections.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## II. Facts

The petitioner was previously sentenced by this Court to 120 months of imprisonment for conspiracy to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances. The petitioner entered a binding plea in which he agreed to a sentence of 84 months. This Court rejected the plea agreement and advised the petitioner that he could withdraw his plea. The petitioner then entered into another plea agreement in which the government agreed to recommend a sentence of 120 months and the petitioner agreed to waive his appellate and habeas corpus rights if sentenced to 120 months or less. The Court reviewed this waiver with the petitioner and he acknowledged that he understood the waiver. At sentencing, no objection was made to the finding that the petitioner was as a career offender. The petitioner did not file a direct appeal.

In his petition, the petitioner asserts a claim for ineffective assistance of counsel. The petitioner argues that counsel should have objected to his classification as a career offender because his underlying state drug conviction, from Michigan, resulted only in an option to serve 90 days in jail or pay a fine and thus should not have counted as a predicate offense for his classification. In response, the government asserts that the petitioner has waived his right to file a § 2255 and that the

petitioner has not demonstrated that counsel was ineffective. Petitioner reiterates his previous arguments in reply.

In his report, the magistrate judge first found that the petitioner was not barred from making his ineffective assistance of counsel claim as it regarded the underlying procedure for his sentencing. Further, the magistrate judge found that pursuant to United States Court of Appeals for the Fourth Circuit precedent, the actual sentence that a defendant received is irrelevant in considering a career offender classification. Rather, the magistrate judge noted, the focus is on the maximum possible sentence the defendant could have received for the underlying conviction. The magistrate judge then found that the conviction in contention was a felony for a controlled substance charge that exposed the petitioner to the possibility of imprisonment exceeding one year. Thus, the magistrate judge found that the conviction was correctly considered under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2. Given this finding, the magistrate judge denied the petitioner's motion as there was no basis for his ineffective assistance of counsel claim.

In his objections, the petitioner reiterates his previous assertions that his Michigan drug conviction was not a serious offense that should have been considered for his classification as a career offender. The petitioner also asserts that his sentence is excessive given his drug crime and criminal past which he argues

3

does not show that he is violent but rather is a drug abuser who requires treatment rather than punishment.

Additionally, after the report and recommendation was entered, the petitioner filed a notice of appeal to the Fourth Circuit. At that time, this Court had not had an opportunity to consider the report and recommendation or the petitioner's objections thereto.

For the reasons that follow, this Court finds that the magistrate judge's report and recommendation is adopted and affirmed in its entirety.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new

trial based upon ineffective assistance of counsel.  Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).  Because the defendant's ineffective assistance of counsel claim follows a guilty plea, "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, this Court affirms the magistrate judge's decision that the petitioner did not waive his right to assert a claim of ineffective assistance of counsel although he did waive his other appellate and habeas rights.  Pursuant to Fourth Circuit precedent, a defendant who has waived his appellate and habeas rights may still pursue a claim that his sentencing hearing was conducted in violation of his Sixth Amendment right to counsel.  United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).  Neither party filed objections to this finding.  Thus, this Court finds that the magistrate judge's finding that the petitioner did not waive his right to file a claim for ineffective assistance of counsel during the sentencing hearing is not clearly erroneous.  This Court will therefore consider the petitioner's claim.

To reiterate, the petitioner argues that his counsel was ineffective in failing to object to the use of his Michigan drug

offense as a predicate offense for the finding that the petitioner was a career offender. The petitioner asserts that the failure to object was an error as his actual sentence for the Michigan offense was less than a year.

In this case, the defendant was considered a career offender because he was at least eighteen years old when he committed the underlying offense of conviction in this Court, the underlying offense is a felony that is a controlled substance offense, and it was found that the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1(a). Further, the defendant's Michigan offense was considered a "controlled substance offense" under the U.S.S.G. because the offense was "punishable by imprisonment for a term exceeding one year" and prohibited "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense." Id. at 4B1.2(b). The U.S.S.G. further define what counts as a predicate offense by stating that a prior felony conviction counts as an offense punishable by imprisonment for a term exceeding one year, "regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. at 4B1.2 cmt. 1; see also United States v. Kerr, 737 F.3d 33, 39 (4th Cir. 2013) (finding that the actual

sentence the defendant received is irrelevant and the inquiry must focus of the maximum possible sentence).

The petitioner's underlying conviction that he contests in the instant was for delivery/manufacture of marijuana, in violation of Mich. Comp. Law § 333.7401(2)(d)(iii). The petitioner faced a maximum sentence of four years of imprisonment or a fine of $20,000.00, or both. Id. This offense thus clearly falls into the category of predicate offenses that may be considered in determining whether a defendant is a career offender. Accordingly, the petitioner's argument is without merit and this Court cannot find that his counsel was ineffective in failing to object to the consideration of that offense. Thus, after a de novo review, the magistrate judge's finding is upheld.

## V. Conclusion

For the reasons stated above, based upon a de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 60 days after the date of the entry of this judgment order. This Court notes, however, that the petitioner has already filed a notice of appeal with the Fourth Circuit. As stated previously, the notice of appeal was filed after the report and recommendation was entered but before this Court was able to consider the report and the petitioner's objections thereto.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the petitioner

by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 1, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE